[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief. Many facts are not in dispute. The plaintiff, whose maiden name was Ruth Long, was married to the defendant in Waterbury on June 28, 1986. Both parties resided in the State of Connecticut for at least twelve months immediately prior to the filing of the complaint. The marriage of the parties has broken down irretrievably without any reasonable prospect of reconciliation. The parties have three minor children, issue of the marriage: Elizabeth Polaco, born February 1, 1988, Joseph Polaco, born November 11, 1990, and Alexander Polaco, born May 15, 1992. The plaintiff is thirty-two years old; the defendant is forty-six. They separated in November, 1995. The principal differences between the parties with respect to the terms of the dissolution of their marriage are whether the defendant should pay periodic and lump sum alimony and whether he should be ordered to pay the plaintiff's counsel fees.
The plaintiff was seventeen years old, the defendant thirty-one, when they started dating. They married four years later. The plaintiff has a tenth grade education and worked as a home health care aide prior to her marriage and after the marriage until she was six months pregnant with the parties' first child. She did not work outside the home again until after the parties separated. She currently works thirty hours per week as a waitress at a local restaurant, with gross earnings of approximately $145 per week. CT Page 5507
The defendant was born in Portugal and came to this country as a young child. He is in good health and has completed two years of college at a technical college. He started working for Braxton Manufacturing as a diemaker and was later promoted to foreman, a position he has now held for over twenty years. He is well paid, with annual gross earnings over $70,000 in recent years.
During the marriage the plaintiff tried to complete her high school education by attending evening adult education classes. The defendant, however, refused to watch the children in the evening so the plaintiff could attend classes. The defendant's usual practice at night was to go out to Portuguese clubs, leaving the plaintiff and the children at home. In the two years prior to their separation, the plaintiff was hospitalized for treatment of anorexia and bulimia. She also was treated for alcoholism. The defendant admitted to having physically abused the plaintiff twice.
The plaintiff has done well since the separation. She has remained sober and has had no further problems with anorexia. She has been taking adult education courses in the evening and will complete her high school education in about two months. She hopes after that to obtain her nursing degree by taking evening classes at a local community college for three years. Advanced nursing training would take an additional two years after that. At the time of trial, the plaintiff's boyfriend, whom she met at AA months after her separation, lived with the plaintiff and her children. He paid for his own food but did not contribute to any other household expenses.
The court has carefully considered all the criteria set forth in General Statutes §§ 46b-81, 46b-82, 46b-84 and 46b-62 in deciding to enter the orders which follow. The court finds neither party more at fault in causing the breakdown of the marriage. The court enters the following orders:
1. The marriage of the parties is hereby dissolved on the grounds of irretrievable breakdown.
2. The parties shall share joint legal custody of the minor children, but the plaintiff mother shall have physical custody of the children. The defendant father shall have CT Page 5508 reasonable, liberal and flexible rights of visitation with the children, including both weekday and weekend visitation and alternate holidays.
3. The defendant shall pay child support to the plaintiff weekly in accordance with the child support guidelines. The court orders that the initial weekly support payment is $329.93. The defendant shall be entitled to claim the children for income tax purposes.
4. The defendant shall maintain health insurance for the benefit of the minor children as long as the same is available to him through his place of employment. The cost of all unreimbursed medical, dental or similar healthcare expenses incurred by or on behalf of the minor children shall be divided by the parties equally.
5. The plaintiff shall retain exclusive possession of the 1986 Dodge Van presently in her name and shall indemnify and hold the defendant harmless from any and all expenses related to that vehicle.
6. The defendant shall retain exclusive possession of the 1986 Audi 5000 and the 1977 Cadillac Seville presently in his name and shall indemnify and hold the plaintiff harmless from any and all expenses related to said vehicles.
7. The parties shall be solely responsible for the debts listed on their respective financial affidavits except that the defendant shall pay the outstanding bills to Waterbury Hospital. Each party shall indemnify and hold the other harmless from said debts. Any debts not listed on the parties' respective affidavits shall be the responsibility of the party not disclosing said debt.
8. The defendant shall pay to the plaintiff periodic alimony in the amount of $200 per week until the earliest of the following events: (1) the death of either party; (2) the plaintiff's remarriage; or (3) September 1, 2004. The court finds that there is an alimony arrearage in the amount of $172 and the defendant is ordered to pay said sum to the plaintiff within thirty (30) days of the entry of judgment in this action.
9. The defendant shall pay to the plaintiff on or about June 1, 1998 $5,000 as lump sum alimony. CT Page 5509
10. The defendant shall maintain a life insurance policy or policies in the total amount of $50,000 for the benefit of the plaintiff and the minor children for as long as he is obligated to pay alimony or child support.
11. The $5,150.00 in savings bonds shall be held by the plaintiff as custodian for the minor children.
12. The defendant shall transfer 50% of his IRA and 401K plan by Qualified Domestic Relations Order or tax exempt roll-over to the plaintiff. The court shall retain jurisdiction for the enforcement or modification of said QDRO or roll-over transfer.
13. The defendant shall pay to the plaintiff's counsel fees of $6,120 as reasonable fees to prosecute this action. Payment shall be made within sixty days of the entry of judgment.
VERTEFEUILLE, J.